*G. P. Thompson* and *F. A. Baldwin*, for plaintiff in error.

*King & Tracy* and *H. W. Lloyd*, for defendants in error.

---

## INJURY RESULTING FROM A DEFECTIVE BOARD WALK.

[Circuit Court of Huron County.]

JENNIE PEAT v. CITY OF NORWALK.

Decided, November 13, 1903.

*Negligence—Charge of Court—Where Testimony Tends to Show Contributory Negligence—Defective Sidewalk.*

1. In an action for damages on account of an injury resulting from negligence, it is not error to charge the jury that to entitle the plaintiff to recover the jury must find from a preponderance of the evidence that the plaintiff was without fault, where evidence has been introduced tending to show contributory negligence.

2. A presumption of negligence does not arise under a petition which alleges that the plaintiff was injured while walking upon a sidewalk which was out of repair.

3. The plaintiff, while walking upon a board sidewalk, was tripped and fell and was injured by the flying up of a loose board, upon the op-

posite end of which her companion had stepped. *Held;* That it was not error to charge in such a case, that "if you find from the evidence that the sidewalk at the place where the plaintiff claims to have fallen was out of repair and unsafe and dangerous, and so appeared to persons of ordinary intelligence passing along or over the same, it was the duty of plaintiff to exercise ordinary care to avoid injury, and in that case the burden is upon her to show by a preponderance of the evidence that she exercised such care."

HULL, J.; PARKER, J., and HAYNES, J., concur.

Error to Court of Common Pleas of Huron County.

This case comes into this court on petition in error to reverse the judgment of the court of common pleas. No complete transcript of the evidence is brought into this court, but it asked that the judgment be reversed because of error committed by the court in charge to the jury.

The plaintiff brought her action against the city of Norwalk to recover for personal injuries she sustained, as she claims, on account of a defective sidewalk. She avers in her petition that the sidewalk led out to the cemetery and was out of repair in that the stringers were rotten and the nails thereby had become loosened, and that as she was walking upon it one afternoon with another lady, her companion stepped upon the end of one of the loose planks and it tipped up and the plaintiff was thrown down and fell upon the sidewalk and was injured.

The jury returned a verdict in favor of the city. The bill of exceptions cites that on the trial of the cause, the plaintiff and defendant having each offered evidence to the jury tending to prove all the issues on their respective parts to be maintained, but not sufficient to authorize the court to determine that the evidence raised a presumption of the plaintiff's contributory negligence, the plaintiff, in writing, asked the court before argument to give to the jury certain instructions, etc., and this is all we have as to the evidence.

The plaintiff alleges in her petition that she was ignorant of the fact that the sidewalk was out of repair when she walked upon it, that she had no knowledge of its being out of repair.

The defendant averred in its answer, among other things, that the plaintiff was guilty of contributory negligence which caused the injury; and according to the bill of exceptions there

was evidence tending to sustain this claim on the part of the city, as the bill recites that each party offered evidence tending to prove *all* the issues on their respective parts to be maintained, but not sufficient evidence to warrant the court in holding, as a matter of law, that there was a presumption raised that plaintiff was guilty of contributory negligence.

The court charged the jury as follows, which it is claimed was error:

"To entitle the plaintiff to a verdict, you must find from a preponderance of the evidence that the injury received by her was caused by some negligence, that is, some lack of ordinary care on the part of some of the city's officers or agents, whose duty it was to care for the sidewalk in question in this case, and that such lack of ordinary care was the proximate cause of the plaintiff's injury, and that the plaintiff herself was without fault."

The case was not argued very fully, but we understand it is claimed that by this instruction the jury were instructed that the burden was on the plaintiff to show by a preponderance of the evidence that she was not negligent. We do not think that this instruction should be so construed.

It starts out by saying, "To entitle the plaintiff to a verdict, you must find from a preponderance of the evidence that the injury was received on account of some negligence on the part of the city," etc., and then it closes with the expression, "and that the plaintiff herself was without fault." That is, you must find "from a preponderance of the evidence that the plaintiff was without fault."

There had been evidence introduced on both sides on this issue, and it was to be determined by a preponderance of the evidence like any other issue in the case, and the court said in another part of the charge that the burden was on the city, unless plaintiff came within the exception, to show that plaintiff was guilty of contributory negligence.

The court said to the jury:

"The burden is upon the plaintiff in the first instance to show the defendant's negligence in the respect and with the result alleged in the petition. To show the plaintiff's contributory negligence the burden is on the defendant, unless from the

evidence of the plaintiff, a presumption of her negligence arises, in which event the burden is on the plaintiff to remove that presumption."

This is according to the rule laid down by the Supreme Court of this state, and considering that in connection with the instruction complained of, we are of the opinion that there was no error in the charge of the court as far as this point is concerned to the prejudice of the plaintiff below. A charge must be considered as a whole and not in fragments.

This instruction is also complained of:

"If you find from the evidence that the sidewalk at the place where the plaintiff claims to have fallen was out of repair and unsafe or dangerous and so appeared to persons of ordinary intelligence in passing along or over the same, it was the duty of the plaintiff to exercise ordinary care to avoid injury, and in that case the burden of proof is upon her to show by a preponderance of the evidence that she exercised such care."

It is complained that this imposed upon the plaintiff the burden of showing that she exercised ordinary care, or the burden of showing that she was not guilty of contributory negligence.

It is claimed by counsel for the defendant that under the petition the presumption arises that she was guilty of contributory negligence because she alleged that she was walking upon this walk and that it was out of repair.

We do not think, however, that the petition, as drawn, raises the presumption that she was guilty of contributory negligence. She was not bound to allege that she was without fault or negligence, as stated by the Supreme Court (*Brumbaugh* v. *Chapman*, 45 Ohio St., 368, 376). We are of the opinion that this instruction was not erroneous.

The plaintiff averred in her peition that she was walking upon this sidewalk, that it was out of repair, and that a board flew up as the other lady stepped upon it and she was tripped and fell down. According to this allegation she must of course have been walking upon the walk when injured.

The court said to the jury that it was the duty of the plaintiff to exercise ordinary care to avoid injury. There can be no objection taken to that. The court further said:

"If you find from the evidence that the sidewalk at the place where the plaintiff claims to have fallen was out of repair and unsafe or dangerous and so appeared to persons of ordinary intelligence passing along or over the same, it was the duty of the plaintiff to exercise ordinary care to avoid injury, and in that case the burden of proof is upon her to show by a preponderance of the evidence that she exercised such care."

In our judgment this was correct.

We think that if plaintiff went upon a walk that was plainly out of repair and dangerous, and appeared so to persons of ordinary intelligence, which would be presumed to include her, if she went deliberately upon a walk that was so out of repair and dangerous, that then the burden was upon her to show that she exercised ordinary care not only while she was walking upon such a sidewalk where she had put herself, but that she exercised ordinary care in going upon such walk in the first place.

If the circumstances and surroundings were such as mentioned in *Schaefler* v. *Sandusky*, 33 Ohio St., 246, so that she might have easily avoided this piece of dangerous walk, it was her duty to go around it and not go upon the walk, and if a person walking upon a street in the daytime, as in this case, deliberately goes upon a piece of walk that is palpably and apparently dangerous and out of repair, the burden is upon him to show that in so doing, he exercised ordinary care.

In *Schaefler* v. *Sandusky, supra,* the Supreme Court say:

"A person who voluntarily attempts to pass over a sidewalk of a city, which he knows to be dangerous by reason of ice upon it which he might easily avoid, can not be regarded as exercising ordinary prudence, and, therefore, can not maintain an action against the city to recover for injuries sustained by falling upon the ice, even if the city would otherwise have been liable."

We think that the charge of the court was as favorable to the plaintiff as she was entitled to, and finding no error in the record the judgment will be affirmed.

*Sherman Culp* and *C. P. & L. W. Wickham,* for plaintiff in error.

*E. G. Martin,* City Solicitor, and *McKnight & Thomas.* for defendant in error.